James J. McGRAW

v.

MONONGAHELA CONNECTING RAILROAD COMPANY, Appellant.

No. 13318.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1960.

Decided Dec. 29, 1960.

———◆———

Aims C. Coney, Jr., Pittsburgh, Pa. (John K. Tabor, Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, on the brief), for appellant.

Dennis C. Harrington, Pittsburgh, Pa. (Gene K. Lynch, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, GOODRICH and FORMAN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment for the plaintiff in a F.E.L.A. case. There are only two points before us on this appeal. Each concerns items dealing with the measure of damages which the plaintiff recovered. Plaintiff suffered his injury October 31, 1956, when his foot slipped as he was boarding a moving freight car and struck the side of the sill step. At the time of the accident the plaintiff was 71 years of age.

Plaintiff retired from the employment of the defendant on December 8, 1956. Prior to his accident there was a compulsory retirement agreement entered into between the plaintiff's union and defendant railroad. Under this agreement employees of 69 years or older would have been required to retire on February 1, 1957. The plaintiff, however, expressed desire to work until the fall of 1957 when he would have become entitled to a new pension with benefits substantially greater than those in effect before that time. The fulfillment of this desire, obviously, would have been prevented unless the defendant made exception to the rule requiring earlier retirement.

The plaintiff offered to prove through the local lodge secretary of the union that there were employees of the defendant railroad over age 70 who continued to work after February 1, 1957. This offer was rejected by the trial judge. The defendant, however, offered as a witness its chief clerk of the accounting department who said his business was to oversee the accounting functions of the various departments including payroll and pension records. He was asked on cross-examination what would have been the amount of the pension the plaintiff would have received had he worked until the fall of 1957. Over objection by defendant's counsel the witness was permitted to answer this question. Later in re-cross-examination he

was asked whether some men older than 69 continued to work through the year 1957. Over objection he was allowed to answer and the answer given was yes.

Following this the lawyers for each side entered into a stipulation in which the amount of lost wages and a pension differential over the plaintiff's remaining expected life, less offsets, was given. The dates were: (1) December 8, 1956, when the plaintiff actually retired; (2) February 1, 1957, the compulsory date set forth in the contract with the union mentioned above; and (3) October 1, 1957, when employees would be entitled to the increased pensions. This stipulation stating the three amounts was read by the defendant's counsel to the jury. The jury in returning its verdict accepted the amount mentioned in the stipulation for the October 1, 1957, date and awarded this to the plaintiff.

■ All the testimony there is on the chances for the plaintiff to have the highest mentioned amount came from the statement by the chief clerk of the accounting department that some employees did not retire at the contract date. There is no further testimony as to how many persons that "some" included and all we have on the question of the probability of the plaintiff being included in that "some" is the statement above referred to. The court, however, had rejected the offer of testimony from the union secretary on this subject and did not rule on plaintiff's offer to call the general chairman of the union to show an agreement between company and union outside of the written contract.[1] Although the testimony to show the chance of the plaintiff being kept on until the October, 1957, date is pretty thin we do not think the defendant can now object to the question going to the jury. It was included in the stipulation which defendant's counsel himself read to the jury. It was commented upon by the trial judge in his charge. The charge was not objected to as rule 51 of the Federal Rules of Civil Procedure, 28 U. S.C.A., requires. The subject of pension rights lost because of hastened retirement was disputed in the pretrial statements of both parties and these statements were incorporated in the pretrial order. Plaintiff in his opening statement to the jury also stated that he would prove exceptions to the rule of compulsory retirement which would have allowed him to receive the increased pension benefits. The matter, therefore, did not come up as a surprise to anyone. We think that under the circumstances this portion of the verdict must stand.

■ The defendant also complains that the verdict is excessive. In addition to this amount for loss of pay and benefits, the jury added $10,000 which must have been for physical pain and suffering because the medical expenses were negligible or nothing. The jury had before it the probable expectancy of the plaintiff's life which was between nine and ten years. The plaintiff suffered as a result of his accident a hernia on the left side. He had previously had a hernia on the right side so as a result of the two he was compelled to wear a double truss. There was medical testimony to the effect that at his age the doctor would not recommend operative treatment. In the testimony also was complaint by the plaintiff that the double truss galled him. We think a great deal of explanation was not required to picture this discomfort further. The verdict is not excessive if the plaintiff's story is accepted, as it was. Furthermore, as we have said a great many times, the adequacy of damages in such a case is not one for an appellate court to interfere with unless the result is shocking.[2] It is not in this case.

The judgment of the district court will be affirmed.

---

1. Plaintiff never did call the general chairman to testify.

2. See, e. g., Thomas v. Conemaugh & Black Lick R. R. Co., 3 Cir., 1956, 234 F. 2d 429, 434.